Dear Administrator and Secretary Jackson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Can the Administrative Director of the Courts be required to submit affirmative action plans for the judicial branch of government pursuant to 74 O.S. Supp. 2000, § 840-2.1[74-840-2.1]?
¶ 1 Your question arises out of the Oklahoma Personnel Act[1] which, in part, requires the preparation of affirmative action plans by State government employers.
 A. All agencies, boards, commissions, departments, and offices of each branch of state government,
except institutions within The Oklahoma State System of Higher Education, shall submit an affirmative action plan to the Office of Personnel Management annually by September 1. . . .[2]
. . . .
 I. Affirmative action plans for the judicial branch of government, except the Court of Criminal Appeals and the Workers' Compensation Court, shall be prepared by the Administrative Director of the Courts. The Court of Criminal Appeals shall prepare affirmative action plans for the Court of Criminal Appeals. The Administrator of the Workers' Compensation Court shall prepare affirmative action plans for the Workers' Compensation Court.
74 O.S. Supp. 2000, § 840-2.1[74-840-2.1] (emphasis added).
¶ 2 However, our Constitution provides that the:
 [G]eneral administrative authority over all courts in this State, . . . is hereby vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules. The Supreme Court shall appoint an administrative director[3] and staff, who shall serve at its pleasure to assist the Chief Justice in his administrative duties. . . ."
Okla. Const. art. VII, § 6 (emphasis added).
¶ 3 In Workers' Compensation Court v. The Merit ProtectionCommission, 863 P.2d 1226 (Okla. 1993), the Supreme Court assumed original jurisdiction and issued a writ prohibiting the Merit Protection Commission from proceeding in the private grievance brought by an employee against the Workers' Compensation Court and its court administrator. The Court held that the:
 Commission is without jurisdiction. See Okl. Const., Art. 7, § 6. Administrative authority over all courts in this state, other than the Senate sitting as a Court of Impeachment and the Court on the Judiciary, is vested in the Supreme Court. Personnel management decisions of courts that are subordinate to the Supreme Court's administrative powers are reviewable solely by the Supreme Court. The legislature may not delegate the Supreme Court's § 6 authority to any other department of state government, and the courts are not state agencies.
Id. at 1227(citation omitted) (emphasis added).
¶ 4 In Board of Law Library Trustees v. State ex rel. TomPetuskey, 825 P.2d 1285, 1291 (Okla. 1992), the Supreme Court stated that:
 An administrative directive of the Supreme Court or of its chief justice may not be subjected to the same mode of court review as that prescribed by law for decisions in claims pressed in the general course of adjudicative process. . . . [M]anagement decisions by a chief justice are reviewable and correctable only by the Supreme Court sitting in its capacity as the administrative board of directors for the entire judicial system.
Id. (citation omitted) (footnote omitted) (emphasis added).
¶ 5 Therefore, the Administrative Director of the Courts would be required to submit to the Office of Personnel Management affirmative action plans for the judicial branch of State government pursuant to 74 O.S. Supp. 2000, § 840-2.1[74-840-2.1], if directed to do so by order of the Supreme Court of Oklahoma.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Administrative Director of the Courts would be required to submit to the Office of Personnel Management affirmative action plans for the judicial branch of State government pursuant to 74 O.S. Supp. 2000, § 840-2.1, if directed to do so by order of the Supreme Court of Oklahoma. See Okla. Const. art. VII, § 6.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN CRITTENDEN ASSISTANT ATTORNEY GENERAL
[1] 74 O.S. Supp. 2000, §§ 840-1.1[74-840-1.1] — 840-6.9.
[2] Plans for agencies of the executive branch of State government, except institutions within The Oklahoma State System of Higher Education, are subject to the approval of the Administrator of the Office of Personnel Management, who shall each year submit a report to the Speaker of the House of Representatives, the President Pro Tempore of the Senate, and the Governor as to the efforts and progress made by governmental entities in the area of affirmative action, including the status of recruitment, hiring, and promotion of women, men and minorities within job categories. See 74 O.S. Supp. 2000, §840-2.1[74-840-2.1](B), (C).
[3] Title 20 O.S. 1991, § 16.1[20-16.1] also authorizes the appointment of an Administrative Director of the Courts by the Supreme Court to assist the Chief Justice in performance of administrative duties.